United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALVARADO, ET AL.<br><br>            Plaintiffs,<br>   v.<br><br>NEWCON CONCRETE CONSTRUCTION, INC.<br><br>            Defendants.<br>_____/ | No. C-05-4409 JSW (JCS)<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [Docket No. 15]** |

## I.   INTRODUCTION

Plaintiffs in this action seek to recover unpaid contributions due under the Employee Retirement Income Security Act ("ERISA"). Following entry of two arbitration awards in their favor, Plaintiffs filed a Petition to Confirm Arbitration Awards and Complaint for Audit, Breach of Contract, Damages, Breach of Fiduciary Duty, and Injunction (ERISA 29 U.S.C. § 1001 et seq., 29 U.S.C. § 185) (the "Petition"). Defendant Newcon Concrete Construction, Inc. ("Newcon") did not appear and default was entered against it on March 30, 2006. Plaintiffs now bring a Motion for Default Judgment (the "Motion"), seeking entry of default judgment and confirmation of the arbitration awards. A hearing was held on Friday, June 2, 2006 at 9:30 a.m. For the reasons stated below, the motion should be GRANTED. Attorneys' fees and costs should be awarded in the amount of $3,973.50.

## II.   BACKGROUND

Plaintiff Robert Alvarado is a trustee of the Carpenters Health and Welfare Trust Fund for California, Carpenters Vacation-Holiday Trust Fund for Northern California, Carpenters Pension Trust Fund for Northern California, Carpenters Annuity Trust Fund for Northern California and

Carpenters Training Trust Fund for Northern California ("Trust Funds").  Plaintiff Carpenters 46 Northern California Counties Conference Board ("the Union") is a labor organization within the meaning of 29 U.S.C. § 152(5).  Defendant Newcon is an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145).  Petition at 3-4.

Newcon entered into a collective bargaining agreement with the Union by signing an Extension Letter Agreement, dated June 24, 2003, that incorporates by reference the Carpenters Master Agreement ("the Master Agreement").  Petition at 3 & Ex. A (Master Agreement) and B (Extension Agreement).  The Master Agreement, in turn, incorporates trust agreements ("the Trust Agreements") requiring Newcon to pay contributions to the Trust Funds based on the hours worked by Union employees.  Petition at 3 & Ex. A (Master Agreement), sections 40-44.  The Trust Agreements also provide for prompt payment of contributions and liquidated damages for late contributions.  *See* Declaration of Michael Plommer in Support of Plaintiffs' Motion for Default Judgment ("Plommer Decl."), Ex. A (Trust Agreements).

Section 51 of the Master Agreement establishes a grievance procedure that culminates in submission of grievances to an impartial arbitrator, whose decision is to be final and binding on the parties.  *Id*. at 4 & Ex. A at 38-40.  The Union brought grievances against Newcon, culminating in arbitration.  Hearings on the grievances were held on May 10, 2005 and June 14, 2005 before Arbitrator Gerald McKay.  Petition at 4 & Ex. C (May 16, 2005 Decision and Award of the Arbitrator ("the May 16 Award")) and D (June 16, 2005 Decision and Award of the Arbitrator ("the June 16 Award")).  Newcon did not appear at either hearing, although it received notice of the hearings.  *Id*., Ex. C and D.  Two decisions were issued, dated May 16, 2005 and June 16, 2006.

In the May 16 Award, the arbitrator found that Newcon was bound by the Master Agreement and ordered that Newcon "cease and desist any further violation of the [Master Agreement]" and pay $93,691.72 in unpaid wages, fringe benefits, waiting time and bank charges.  *Id*., Ex. C at 3.  The arbitrator retained jurisdiction to resolve any dispute "between the parties to this Award concerning the amount of money due, or to whom said amounts are to be paid."  *Id*. at 8.  The arbitrator held that if Newcon did not comply with the award and it was necessary to bring a legal action to enforce

2

the award, the Union and Trust Funds would be entitled to reasonable attorneys' fees and court costs incurred to enforce the award. Finally, the arbitrator ordered Newcon to pay $300.00 as its share of the cost of arbitration.

In the June 16, 2005 Award, the arbitrator ordered that Newcon pay an additional $482,931.39 in unpaid fringe benefits, liquidated damages and interest. The arbitrator again ordered that Newcon cease and desist any further violations of the Master Agreement and specifically ordered that Newcon cease and desist from improperly reporting and untimely paying the contributions required under the trust agreements. The arbitrator also ordered that Newcon submit to an audit, as follows:

> The Employer shall forthwith submit to an audit of all of its books and records by representatives of the Northern California Carpenters Trust Funds for the period May, 2004 to audit entry date, in order to determine the amount of wages and fringe benefits due, if any, and to whom they may be due. . . .

*Id*., Ex. D at 3-4. The arbitrator included a detailed list of the documents to be provided by Newcon for the audit. The arbitrator again retained jurisdiction to resolve disputes regarding amounts due and awarded any reasonable attorneys' fees and costs that might be incurred if an enforcement action were necessary. Finally, Newcon was ordered to pay $300.00 as its share of the arbitration costs.

Subsequently, Plaintiffs made demands upon Newcon to comply with the awards but Newcon refused to do so. Plaintiffs thereafter filed this action, seeking confirmation of the arbitration awards and asserting claims for breach of contract, breach of fiduciary duty and for injunctive relief under ERISA. Newcon did not appear and Plaintiffs now seek entry of default judgment. In their Motion, Plaintiffs seek the following relief from this Court:

> (1) an order confirming the Decision and Awards of Arbitrator Gerald R. McKay, issued May 16, 2005 and June 16, 2005 in their entirety; (2) an Order granting Plaintiffs $576,923.11 for unpaid wages, unpaid fringe benefits, waiting time penalties, bank charges, liquidated damages and cost of proceedings, as granted in Arbitrator Gerald R. McKay's decisions, issued May 16, 2005 and June 16, 2005; (3) an Order directing Defendant to submit to an audit of their books and records as required by the agreement to which they are bound; (4) that upon completion of the audit, for contributions due and owing in an amount to be determined by said audit and interest thereon; (5) reasonable attorneys' fees, and Plaintiffs' cost of suit; (6) for an order directing an permanently enjoining Defendant to

3

timely submit all required monthly contribution reports and contributions due and owing by Defendant; (7) for an accounting between Plaintiffs and Defendant; (8) for this Court to retain jurisdiction; and (9) for such further relief as to this Court seems just and proper.

Motion at 2-3.[1]

## III. ANALYSIS

### A. Joinder of Confirmation Proceeding with Other Claims

Plaintiffs have joined a petition to confirm the arbitration awards with a complaint alleging various claims that are based on the same facts as the arbitration awards. The Court concludes that such joinder is improper and therefore, that Plaintiffs' claims – with the exception of Claim One, to confirm the arbitration awards – should be dismissed without prejudice. *See Ottley v. Schwartzberg*, 819 F.2d 373 (2d Cir. 1987) (holding that where plaintiff trustee of trust funds for employee benefit plans joined ERISA claims with petition to confirm arbitration award awarding delinquent contributions, it was improper to join ERISA claims with petition because of summary nature of proceeding to confirm arbitration award). The court in *Ottley* reasoned as follows:

> The statutory predicate for petitioner's damages claims, 29 U.S.C. § 1132(g)(2), is the ERISA civil enforcement provision. It empowers certain individuals to bring civil actions, *inter alia*, to force compliance with various ERISA provisions and the terms of labor agreements governing ERISA-covered benefit plans. A review of this provision indicates that it contemplates a formal adjudication. Actions to confirm arbitration awards, by contrast, are straightforward proceedings in which no other claims are to be adjudicated. "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  . . . [I]n a confirmation proceeding, the court properly may consider only the statutory bases for modifying or vacating an award and challenges to the award's clarity.

*Id.* at 376 (citations omitted). The same reasoning applies here. Accordingly, it is recommended that all of Plaintiffs' claims with the exception of Claim One, seeking confirmation of the arbitration awards, be dismissed without prejudice.[2]

---

[1] Although not listed in the Motion, the proposed order requests "interest on any amounts found due in an amount to be determined consistent with 26 U.S.C. § 6621." At oral argument, Plaintiffs clarified that they only seek post-judgment interest on the award.

[2] At oral argument, Plaintiffs stipulated that they did not object to dismissal without prejudice of Claims Two through Six, that is, all of their claims but Claim One, seeking confirmation of the arbitration award, so long as the Court granted their petition to confirm the arbitration award.

4

**B.     Confirmation of Arbitration Award**

    **1.     Standard Governing Confirmation of Arbitration Awards**

When a party seeks an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the Federal Arbitration Act. *See* 9 U.S.C. § 9. Section 10 provides that the court may vacate an arbitration where: 1) the award was procured by corruption or fraud; 2) there was evident partiality or corruption on the part of the arbitrator; 3) the arbitrator engaged in misconduct; or 4) the arbitrator exceeded his powers or so imperfectly executed them that a "mutual, fine, and definite award" was not made. 9 U.S.C. § 10. Section 11 allows the court to modify the award where: 1) "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;" 2) the arbitrator has made an award on a matter not submitted to him; or 3) "the award is imperfect in matter of form not affecting the merits of the controversy." Judicial review of an arbitrator's decision is "both limited and highly deferential." *Barnes v. Logan*, 122 F.3d 820, 821 (9th Cir. 1997). An award must be confirmed if the arbitrator even "arguably construed or applied the contract and acted within the scope" of his authority. *Id.*

    **2.     Standard Governing Default Judgment**

Under Federal Rule of Civil Procedure 55(b)(2), the court may enter a default judgment where the clerk, under Rule 55(a), has already entered the party's default based upon a failure to plead or otherwise defend the action. The district court's decision to enter a default judgment involves some discretion. *Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956) (affirming district court's denial of default judgment). The court is free to consider a wide range of factors in deciding whether to enter a default judgment, including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir.

1986); *see also* Wright & Miller, *Federal Practice and Procedure*, Civil § 2685.  In deciding whether to enter a default judgment, the Court may also consider whether there would be grounds for setting aside the judgment if the defaulting party were to seek such relief.  *Id.*  Where a default judgment is deemed appropriate, the factual allegations of the complaint, except those relating to damages, are taken as true.  *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

### 3. Application

Default has been entered against Newcon and there is no evidence in the record indicating that Newcon's failure to appear resulted from excusable neglect.  Further, the allegations supporting Plaintiffs' request for confirmation of the arbitration award are, if deemed true, sufficient to warrant confirmation of the arbitration awards.  There is no basis apparent from the record for vacating or modifying the Awards.   Accordingly, the Motion should be GRANTED and the Awards should be CONFIRMED.

### C. Remedy

Plaintiffs have requested an order requiring Newcon to pay the amounts awarded by the arbitrator, to cease and desist from further late reporting and payment, and to submit to an audit.  To the extent that these remedies are included in the awards themselves, confirmation of the awards will ensure that these remedies become part of this Court's judgment.  Plaintiffs also ask that the Court award as part of its judgment any additional contributions that may be found to be due based on the audit.  Plaintiffs have not cited any authority, however, suggesting that such a remedy is appropriate.  Where, as here, the arbitrator has retained jurisdiction to address any disputes regarding amounts, the Court concludes that the proper procedure regarding the results of the audit is to return to the arbitrator.

The Court also concludes that retention of jurisdiction over this action is not necessary or appropriate.  Generally, it is within the court's equitable discretion to retain jurisdiction to ensure compliance with a court order.  *See, e.g., Alaska Center for the Environment v. Reilly*, 796 F. Supp. 1374 (W.D. Wash. 1992)(*citing United States v. Metropolitan Dist. Comm'n*, 930 F.2d 132 (1st Cir.

6

1 1991)). Here, however, there appears to be no reason to retain jurisdiction, given the summary
2 nature of the proceeding, and Plaintiffs have not offered any authority in support of their request.
3 Therefore, the Court should not retain jurisdiction over the action.

4 Finally, Plaintiffs ask that the Court award attorneys' fees and costs incurred in this action.
5 Plaintiffs are entitled to reasonable fees and costs for two reasons. First, reasonable attorneys' fees
6 and costs of this proceeding were awarded by the arbitrator in both awards. Thus, confirmation of
7 the awards necessarily includes an award of reasonable attorneys' fees and costs. Second, it is well
8 established that in "suits for the confirmation of arbitration awards, the guiding principle [is] as
9 follows: 'when a challenger refuses to abide by an arbitrator's decision without justification,
10 attorney's fees and costs may properly be awarded.'" *International Chemical Workers Union Local*
11 *No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 46 (2d Cir. 1985 (quoting *Bell Production*
12 *Engineers Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1992)). In this case,
13 Newcon has failed to appear at either the arbitration or in this action and has refused to comply with
14 the arbitrator's awards. Newcon's conduct supports a finding of bad faith and therefore, an award of
15 attorneys' fees and costs would be warranted even if attorneys' fees and costs had not been awarded
16 by the arbitrator.

17 Although attorneys' fees and costs were included as part of the arbitration awards, it is
18 appropriate that this Court, rather than the arbitrator, determine the reasonableness of the fees and
19 costs incurred in this Court. While the arbitration awards are silent on this point, it is customary that
20 reasonable fees and costs are determined by the forum in which a proceeding occurs. *See, e.g.,* Fed.
21 R. App. P. 39-1, 39-2 (governing determination of attorneys' fees and costs on appeal). Therefore, it
22 appropriate and consistent with the arbitration awards that this Court determine the reasonable fees
23 and costs incurred in this action.

24 **D. Attorneys' Fees**

25 In this Circuit, the starting point for determining reasonable fees is the calculation of the
26 "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation

7

by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). In calculating the lodestar, the Court must determine a reasonable rate and a reasonable number of hours for each attorney. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

Plaintiffs seek $4,622.50 in attorneys' fees for fees already incurred by two attorneys, at a rate of $250.00/hour, and by two paralegals, at a rate of $75.00 and $95.00/hour. *See* Declaration of Kristina L. Hillman in Support of Plaintifs' Motion for Default Judgment ("Hillman Decl."). Plaintiffs also seek $500.00 for fees they anticipated would be incurred to prepare for and attend the hearing on this motion, giving rise to a total of $5,122.50 in fees. Plaintiffs have provided a detailed description of the work performed. The Court finds both the rates sought and the specific dollar amounts for the tasks listed to be reasonable. However, the amounts do not add up to $5,122.50. Rather, the tasks already completed account for only $2,935. Including the additional $500 for preparation and attendance at the motion hearing, Plaintiffs have demonstrated that they are entitled to a total of $3,435.00 in fees, which should be awarded.

### E. Costs

Plaintiffs seek $613.50 for the following costs incurred in prosecuting this action: (1) $250.00 for the Clerk's filing fee; (2) $159.00 for attempted service of documents on Newcon; (3) $129.50 for completed service of process of documents on Newcon; and 4) $75 for "messenger/delivery service" to Newcon. Under Civil Local Rule 54-3 ("Rule 54-3"), an award of costs may include the clerk's filing fee and fees for service of process "to the extent reasonably required and actually incurred." Therefore, the first three items are allowable. The local rule does not authorize the cost of messenger service. Therefore, this cost should be excluded. It is therefore recommended that Plaintiffs be awarded $538.50 in costs.

### IV. CONCLUSION

The Motion should be GRANTED and the arbitration awards should be CONFIRMED.

8

Claims Two through Six should be dismissed without prejudice. Plaintiffs are entitled to $3,973.50 in reasonable fees and costs incurred in this confirmation proceeding.

Dated: June 22, 2006

JOSEPH C. SPERO
United States Magistrate Judge

9